**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVSION**

EBERAIA FIELDS,

      Plaintiff,

          v.                CAUSE NO. 3:26-CV-1111-TLS-APR

EARTHWAY, et al.,

      Defendants.

**OPINION AND ORDER**

Eberaia Fields, a prisoner without a lawyer, filed a complaint. ECF 1. He seeks leave to

proceed in forma pauperis. ECF 7. A prisoner may not bring a civil action in forma pauperis if he

has:

> on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Fields has three

strikes:

1. *Fields v. Vantuinen*, 3:22-cv-102 (N.D. Ind. filed February 7, 2022), related claims[1] dismissed under 28 U.S.C. § 1915A for failure to state a claim on August 30, 2022;

2. *Fields v. Miller*, 3:23-cv-314 (N.D. Ind. filed April 21, 2023), dismissed under 28 U.S.C. § 1915A for failure to state a claim on July 12, 2023; and

3. *Fields v. Carter,* 3:24-cv-146 (N.D. Ind. filed February 14, 2024), dismissed under 28 U.S.C. § 1915A as frivolous on August 19, 2024.

---

[1] An unrelated claim was dismissed without prejudice so he could continue litigating it in *Fields v. Vantuinen*, 3:22-cv-467 (N.D. Ind. filed June 17, 2022). The dismissal of the unrelated claim does not preclude this case from counting as a strike because the claims which were adjudicated in it did not state a claim.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this complaint, Fields makes no mention of being in imminent danger of serious physical injury. He seeks monetary damages for employment discrimination when he was fired from EarthWay Products on May 22, 2024. Neither his claims nor the relief he seeks indicate that he was in imminent danger of serious physical injury when he filed this case. Fields may not proceed in forma pauperis.

Fields knows he is struck out. *See Fields v. Garcia*, 1:25-cv-220 (N.D. Ind. filed May 5, 2025), May 7, 2025 Order, ECF 4. Yet, he seeks to proceed in forma pauperis without mentioning that he has three strikes or alleging he is in imminent danger. The Seventh Circuit requires litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so:

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Fields attempted to "bamboozle" the court by asking to proceed in forma pauperis in this case when he was not in imminent danger of serious physical injury. This case will be dismissed, the filing fee assessed, and Fields restricted until he pays in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Neither does it restrict him from litigating his one currently open case. *See Fields v. Garcia*, 1:25-cv-220 (N.D. Ind. filed May 5, 2025).

For these reasons, the court:

(1) DENIES the in forma pauperis motion (ECF 7);

(2) DISMISSES this case WITHOUT PREJUDICE;

(3) ORDERS the plaintiff, **<u>Eberaia Fields, IDOC # 184025</u>**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **<u>$405.00</u>** filing fee is paid in full;

(4) DIRECTS the clerk of court to create a ledger for receipt of these funds;

(5) DIRECTS the clerk of court to return, unfiled, any papers filed by or on behalf of Eberaia Fields, except for

    a. a notice of appeal and documents related to that appeal,

    b. filings in a criminal case;

    c. filings in a habeas corpus case, and

d.  filings in 1:25-cv-220-SJF

until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) DIRECTS the clerk to note on the docket of this case any attempted filings in violation of this order; and

(7) DIRECTS the clerk send a copy of this order to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on July 31, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4